IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



RICHARD F. NAHWOOKSY,

    Plaintiff,

v.                                                                                         Civil Action No. 3:14CV853

HAROLD CLARKE, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Richard F. Nahwooksy, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Nahwooksy's Complaint, with attachments, spans 285 pages. (ECF No. 7.)[1] Nahwooksy raises seven separate causes of action, each of which includes a host of sub-claims in various stages of factual and legal development. By Memorandum Opinion and Order entered on February 29, 2016, the Court dismissed all of Nahwooksy's claims, except for Claim 7(d). *See Nahwooksy v. Clarke*, No. 3:14CV853, 2016 WL 831937, at *16 (E.D. Va. Feb. 29, 2016).[2] As pertinent here, the Court found that Nahwooksy had failed to exhaust his administrative remedies with respect to his claims that he was assaulted by Defendant White. *Id.* at *8–10.

With respect to Claim 7(d), the Court noted:

> The John Doe Correctional Officer, named in conjunction with Claim 7(d), has yet to be identified and served with process. Nevertheless, it is apparent from the record that, should Nahwooksy ever identify and serve the John Doe Correctional

---

[1] Although the docket describes this document as an amended complaint, it is actually the original complaint because Nahwooksy's initial filing in this matter was simply a letter. (ECF No. 1.)

[2] In Claim 7(d), Nahwooksy charged that Defendant John Doe, a correctional officer, violated Nahwooksy's rights under the Eighth Amendment when he permitted Defendant White to assault Nahwooksy. (Compl. ¶¶ 332–33.A–B.)

> Officer, Claim 7(d) would be subject to dismissal for lack of exhaustion. *See* 42 U.S.C. 1997e(a). "After giving notice and a reasonable time to respond, the court may ... consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). Given the current state of the record, within twenty (20) days of the date of entry hereof, Nahwooksy is directed to show good cause why the Court should not grant summary judgment and dismiss Claim 7(d) because he failed to exhaust his administrative remedies for Claim 7(d). *See Smith v. Godinez*, No. 12–1498, 2014 WL 471790, at *2–3 (C.D. Ill. Feb. 5, 2014) (granting summary judgment *sua sponte* for lack of exhaustion); *see also Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005) (observing that "a district court may raise the issue of exhaustion of remedies on its own motion").

*Id.* at *15 (footnoted omitted).

More than twenty (20) days have elapsed since the entry of the February 29, 2016 Memorandum Opinion and Order. For the reasons set forth more fully in the February 29, 2016 Memorandum Opinion, Claim 7(d) will be DISMISSED WITHOUT PREJUDICE because Nahwooksy failed to exhaust his administrative remedies. The action will be DISMISSED.

An appropriate Final Order shall accompany this Memorandum Opinion.

Date: 4-14-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

2